**The STATE of Ohio, Appellee,**

**v.**

**SMITH, Appellant.**

[Cite as *State v. Smith* (1991), 72 Ohio App.3d 342.]

Court of Appeals of Ohio,
Montgomery County.

No. 12182.

Decided Jan. 31, 1991.

*Terrence L. Seeberger,* Assistant Prosecuting Attorney, for appellee.

*J. Dean Carro* and *Lisa Okolish,* for appellant.

GRADY, Judge.

Defendant-appellant, John A. Smith, Jr., was charged, along with Steven Penson and Richard Brooks, with multiple counts of rape, burglary, and felonious assault arising from events of August 4, 1984, in which the three entered the apartment of James Jones and brutalized Jones and other occupants of the apartment. Smith, Brooks, and Penson were tried together, and on December 5, 1984, they were convicted. Smith was convicted of fourteen counts of rape with a firearms specification, three counts of aggravated burglary, one attempted rape, and two felonious assaults. The matter was appealed to this court, and we subsequently affirmed all convictions except for the two counts of felonious assault, which we vacated.

On December 18, 1989, Smith filed his petition for post-conviction relief pursuant to R.C. 2953.21. As a basis for his petition, Smith alleged:

"Petitioner Smith was denied the effective assistance of trial and appellate counsel in contravention of the Sixth and Fourteenth Amendments United States Constitution and Article I, Section 10 of the Ohio Constitution when trial counsel failed to make a timely objection to the State's exercise of its preemptory challenges to excuse Afro–American persons from the jury and appellate counsel failed to raise trial counsel's ineffectiveness. The omissions denied the Petitioner equal protection which resulted in Petitioner Smith suffering extreme prejudice."

On March 27, 1990, the trial court filed its findings of fact and denied the petition without hearing. On April 25, 1990, Smith filed his timely notice of appeal. He presents two assignments of error, which are discussed below.

## I

### Facts

During jury *voir dire*, the prosecutor exercised peremptory challenges to excuse two blacks from the jury. Attorney Rab, petitioner's trial counsel, expressed satisfaction with the jury and the jury was sworn. After the jury was sworn, Attorney Rab met with the trial court in chambers and objected to

the prosecutor's use of peremptory challenges to excuse blacks from the jury. The trial court overruled the objection on two grounds: that the objection was untimely and that there was no evidence of systematic exclusion. As a result, no blacks were impaneled on the jury.

Smith introduced affidavits and the trial transcript in his petition to vacate judgment. In denying the petition for post-conviction relief the trial court determined that *res judicata* barred review and that the appropriate remedy could only be given by the court of appeals.

## II

### *Effectiveness of Trial Counsel*

For his first assignment of error, appellant states:

"The trial court erred in denying appellant Smith an evidentiary hearing, pursuant to R.C. 2953.21, in that appellant Smith produced substantial evidence that trial counsel failed to effectively object to the state's use of preemptory [*sic*] challenges to exclude Afro–American jurors, and, therefore, rendered trial counsel ineffective."

R.C. 2953.21 requires the trial court to conduct a hearing to determine an alleged denial or infringement of constitutional rights unless the petition, files and records in the matter show that the petitioner is not entitled to the relief prayed. The specific and narrow issue with which we are presented is whether the trial court erred in dismissing appellant's petition without a hearing.

Ineffective assistance of counsel occurs when counsel's performance is so below the reasonably objective standards of the legal community as to constitute a substantial violation of counsel's essential duties to his client *and* the defect is so prejudicial to the client's case that it may reasonably be concluded that but for the defect the outcome of the case would be otherwise and favorable to the accused. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Lytle* (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *State v. Penson* (Feb. 26, 1990), Montgomery App. No. 9193, unreported, 1990 WL 19395.

The particular defect in trial counsel's performance alleged in the petition was that failure to argue the standards and requirements set out in *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, concerning the use of peremptory challenges denied appellant equal protection of the law. In *Batson,* the Supreme Court held that the Equal Protection Clause forbids a prosecutor to peremptorily challenge potential jurors solely on account of their race or on the assumption that black jurors as a group would be unable

to impartially consider the prosecution's case against a black defendant. The court further held that a criminal defendant may establish a prima-facie case of purposeful racial discrimination in the selection of the jury based solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial without showing repeated instances of such discriminatory conduct over a number of cases, and that once a defendant makes such a prima-facie showing the burden shifts to the prosecution to come forward with a neutral explanation for challenging the jurors which relates to the particular cause to be tried.

The record shows that two black persons were excused by the prosecutor from service on the jury. No reason was given. Counsel for appellant waived objection to the jury for cause, but shortly after stated an objection for the record alleging unconstitutional exclusion of black persons. The trial court dismissed the motion as untimely and because the record failed to portray a systematic exclusion of black persons, the relevant rule derived from *Swain v. Alabama* (1965), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759, which was partially overruled and modified seventeen months later by *Batson.*

The rule of *Batson* applied retroactively to all cases pending on direct review or not yet final. *Griffith v. Kentucky* (1987), 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649. Appellant's conviction was not affirmed by this court until over a year after the decision in *Batson.* However, the relevant inquiry is whether trial counsel's representation of appellant was constitutionally ineffective because during trial, in November and December 1984, counsel failed to raise the arguments and issues later set forth in the *Batson* decision of April 30, 1986. We believe that it cannot. Counsel's performance can hardly be deemed ineffective under the standards of *Strickland* and *Lytle* because at trial he did not anticipate the rule of *Batson* adopted seventeen months later. In order to demonstrate ineffective assistance of counsel there must be a showing that counsel's performance is so below the reasonably objective standards of the legal community as to constitute a substantial violation of his essential duties to his client. Counsel's failure to demonstrate the degree of prescience required to anticipate the development of the law produced in *Batson* seventeen months later cannot be found or held to be such a defect.

■ We also find the second component required for a showing of ineffective assistance of counsel, prejudice, to be lacking. Appellant was tried in the same proceeding with Steven Penson. The same issue concerning the racial composition of the jury and the effect of the peremptory challenges of the

prosecutor were raised in *Penson* and considered there. In our decision in *State v. Penson,* we stated:

"The record does not reflect the number of persons in the venire called or its racial composition. Appellant asserts, without contradiction, that only two of that group were black, Appellant's own race. Thirty-five veniremen, including the two blacks, were seated for voir dire. Six of them were excused for cause by the court. The prosecution excused six, including the two blacks, through peremptory challenge. The three co-defendants exercised eleven peremptory challenges.

"The state has asserted the identity of the two black jurors it excused, arguing that its grounds were not motivated by racial considerations. One of the two, Jacqueline Williams, stated in voir dire that she was displeased with the way in which officers of the Dayton Police Division investigated a crime of which she was a victim. The same police division was involved in Appellant's case. The second black veniremen, John Thomas, stated that he was acquainted with Appellant's mother.

"We find that Appellant failed to show a prima facie case of discrimination under *Batson.* The focus of the relevant inquiry is not [the] result but the process that produced the result. Nothing in the pattern of peremptory challenges exercised by the prosecutor reflects purposeful attempts to exclude blacks as a group. The bare assertion of counsel, without more than presented here, did not make a prima facie case and did not warrant further inquiry by the court." *Id.*

Because the peremptory challenges exercised by the prosecutor did not reflect the purposeful attempts to exclude blacks as a group required by *Batson,* it cannot be held that appellant or either of his co-defendants was prejudiced as a result of their counsel's failure to argue that issue. Therefore, we find that there has been a failure of the requirement of prejudice necessary to show ineffective assistance of counsel.

Appellant's first assignment of error is overruled.

### III

*Effectiveness of Appellant Counsel*

As a second assignment of error, appellant argues:

"Appellant Smith was denied the effective assistance of appellate counsel. Therefore, appellant Smith is not barred, by res judicata, from raising trial counsel's ineffectiveness, thus causing appellant to suffer extreme prejudice, in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article, I, Section 10 of the Ohio Constitution."

Appellate counsel is argued to have rendered ineffective assistance because he did not argue that trial counsel was deficient in failing to argue the requirements of *Batson, supra.* But, since we have held that trial counsel's performance was not deficient and that no prejudice resulted from the alleged defect, we cannot hold that appellate counsel was deficient in failing to argue that it was. The trial court's reference to *res judicata* may very well have concerned our decision in *State v. Penson, supra,* which did render the issue of prejudice *res judicata.* In that respect the trial court was correct.

It is also argued that failure to consider the application of the *Batson* rule to appellant's case violated the rule of retroactivity pronounced in *Griffith,* as appellant's direct appeal on the merits was pending when *Batson* was decided in April 30, 1986. It is correct that the rule of *Batson* was neither argued by appellate counsel nor considered by this court *sua sponte* in rendering its decision of June 5, 1987 in the appeal on the merits. However, we need not determine whether appellant's representation was constitutionally defective because it is clear that appellant was not prejudiced by that failure of argument or consideration, as we discussed above with reference to our decision in *State v. Penson, supra.*

Appellant's second assignment of error is overruled.

## IV

### *Conclusion*

The record before the trial court showed that on the bases alleged, ineffective assistance of counsel and improper use of peremptory challenges, that Appellant was not entitled to post-conviction relief. The trial court did not err in dismissing the petition without further hearing.

The decision of the trial court will be affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.